**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| James Oldham, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:20-cv-1166 |
| Nova Mud, Inc., RUSCO Operating, LLC, and RigUp, Inc. | § § § | JURY TRIAL DEMANDED COLLECTIVE AND CLASS ACTION |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, James Oldham ("Oldham" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Nova Mud, Inc. ("Nova"), RUSCO Operating, LLC ("RUSCO"), and RigUp, Inc. ("RigUp") (collectively referred to herein as "Defendants") showing in support as follows:

## I.  NATURE OF ACTION

1.      This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendants' failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendants paid on a day rate and/or hourly basis.

2.      Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former mud engineers who worked for Defendants on a day rate and/or hourly basis who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven-day workweek for the time period of three years preceding the date this lawsuit was filed and forward

1

(the "Collective Action Members").

3.     Although Defendants at all times misclassified Plaintiff and similarly situated mud engineers as independent contractors paid pursuant to IRS Tax Form 1099, as a matter of economic reality under the FLSA, they were Defendants' employees and entitled to overtime premium pay in the amount of one and one-half times their respective regular rates of pay for all hours worked over forty per workweek. *See Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

4.     This civil action is also brought as a Rule 23 class action under the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-20 – 50-4-30 ("NMMWA") for Defendants' failure to pay Plaintiff and similarly situated class members time and one-half the regular rate of pay for all hours worked over 40 during each seven-day workweek while working for Defendants paid on a day rate and/or hourly basis without overtime pay. *See Kerr v. K Allred Oilfield Servs., LLC*, No. 2:20-cv-00477, 2020 WL 5702809, at *3 (D.N.M. Sept. 24, 2020).

5.     Although Defendants at all times misclassified Plaintiff and similarly situated mud engineers as independent contractors paid pursuant to IRS Tax Form 1099, as a matter of economic reality under the NMMWA, they were Defendants' employees and entitled to overtime premium pay in the amount of one and one-half times their respective regular rates of pay for all hours worked over forty per workweek. *See Guereca v. Cordero*, No. 2:19-CV-568-GJF-SMV, 2020 WL 1495299, at *6, n.2 (D.N.M. Mar. 27, 2020) (noting that the same "economic reality" test applies under the NMMWA and the FLSA); *Garcia v. Am. Furniture Co.*, 689 P.2d 934, 938 (N.M. Ct. App. 1984) (applying FLSA economic realities test).

6.     Plaintiff and the Class/Collective Action Members seek all damages available under the FLSA and NMMWA, including back wages, liquidated damages, legal fees, costs, and

pre- and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff James Oldham

10.     Plaintiff is an individual residing in Smith County, Texas. Plaintiff has standing to file this lawsuit.

11.     Defendants jointly employed Plaintiff, and Plaintiff worked for Defendants from on or about February 2019 to December 2019.

12.     Although Plaintiff was labeled as a so-called independent contractor, the economic reality is that, at all times relevant, he was an "employee" of Defendants as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1). *See also*, *Baker v. Flint Eng'g & Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

13.     At material times, Plaintiff earned a day rate of approximately $700 per day or hourly wages in the amount of $58.33 without any overtime pay in connection with work for Defendants.

14.     Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as **Exhibit 1**.

### B.     Collective Action Members

15.      The putative Collective Action Members are all current and/or former misclassified independent contractors similarly situated to Plaintiff who: (a) work/worked for Defendants in connection with their oilfield services operations, but are/were issued IRS Tax Form 1099s; (b) are/were paid on an hourly and/or day rate basis; (c) had/have job duties/titles of a mud engineer; (d) work/worked more than 40 hours in any workweek; and (e) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek by

Defendants.

16.     Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

17.     The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

18.     Class Action Members

19.     Plaintiff can satisfy the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure to maintain a class action with respect to the putative Class Action Members' claims.

20.     The relevant time period for the claims of the putative Class Action Members is the date that the alleged violation began to occur and forward.

**C.    <u>Defendant Nova Mud, Inc.</u>**

21.     Defendant Nova is a corporation organized under the laws of the State of New Mexico.

22.     During all times relevant to this lawsuit, Defendant Nova has done, and continues to do, business in the State of New Mexico.

23.     Defendant Nova's principal office and principal place of business is located at 5800 Nova Drive, Hobbs, New Mexico 88240.

24.     At all times relevant to this lawsuit, Defendant Nova is and has been an "enterprise engaged in commerce" as defined by the FLSA.

25.     At all times relevant to this lawsuit, Defendant Nova employed and continues to employ two or more employees.

26.     Defendant Nova is/was an employer of Plaintiff and the putative collective/class

action members.

27.     At all times relevant to this lawsuit, Defendant Nova employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, drilling fluids, mud trucks and/or tanks, personal protective equipment, computers, and other supplies/materials used in connection with drilling fluids operations.

28.     On information and belief, at all times relevant to this lawsuit, Defendant Nova has had annual gross sales or business volume in excess of $500,000.

29.     Defendant Nova may be served with summons through its registered agent Ken Bromley, 419 West Cain Street, Hobbs, New Mexico 88240.

**D.     Defendant RUSCO Operating, LLC**

30.     Defendant RUSCO is a foreign limited liability company organized under the laws of the State of Delaware.

31.     During all times relevant to this lawsuit, Defendant RUSCO has done, and continues to do, business in the State of New Mexico.

32.     Defendant RUSCO's principal place of business is located at 2440 West Aztec Boulevard, Aztec, New Mexico 87410.

33.     At all times relevant to this lawsuit, Defendant RUSCO is and has been an "enterprise engaged in commerce" as defined by the FLSA.

34.     At all times relevant to this lawsuit, Defendant RUSCO employed and continues to employ two or more employees.

35.     Defendant RUSCO is/was an employer of Plaintiff and the putative collective/class

action members.

36.     At all times relevant to this lawsuit, Defendant RUSCO employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, drilling fluids, personal protection equipment, computers, and supplies/materials used in connection with drilling fluids operations.

37.     On information and belief, at all times relevant to this lawsuit, Defendant RUSCO has had annual gross sales or business volume in excess of $500,000.

38.     Defendant RUSCO may be served with summons through its registered agent Cogency Global Inc., 1012 Marquez Place, Suite 106B, Santa Fe, New Mexico 87505.

**E.     Defendant RigUp, Inc.**

39.     Defendant RigUp, Inc. is a foreign corporation organized under the laws of the State of Delaware.

40.     During all times relevant to this lawsuit, Defendant RigUp has done, and continues to do, business in the State of New Mexico.

41.     Defendant RigUp's principal place of business is located at 111 Congress Avenue, Suite 900, Austin, Texas 78701.

42.     At all times relevant to this lawsuit, Defendant RigUp is and has been an "enterprise engaged in commerce" as defined by the FLSA.

43.     At all times relevant to this lawsuit, Defendant RigUp employed and continues to employ two or more employees.

44.     Defendant RigUp is/was an employer of Plaintiff and the putative collective/class

action members.

45.     At all times relevant to this lawsuit, Defendant RigUp employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include tools, drilling fluids, oil and gas wells, personal protection equipment, computers, and supplies/materials used in connection with drilling fluids operations.

46.     On information and belief, at all times relevant to this lawsuit, Defendant RigUp has had annual gross sales or business volume in excess of $500,000.

47.     Defendant RigUp may be served with summons through its registered agent Cogency Global Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

### III.     JURISDICTION AND VENUE

48.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

49.     This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

50.     The United States District Court of New Mexico has personal jurisdiction over Defendants because Defendants do business in New Mexico and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in New Mexico and in this District.

51.     Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

## IV.     FACTUAL BACKGROUND

52.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

53.     Defendant Nova is an oilfield services company that, among other business activities, sells, delivers, and monitors the on-site use of different types of drilling fluids (also referred to as "mud"), which are lubricants used to cool the drilling bit of a drilling rig during the drilling of oil and/or natural gas wells.

54.     Defendant RigUp is a staffing company which operates software accessible by web browser or smartphone (*i.e.*, an "app") to connect workers with job opportunities in the oil and gas industry. RigUp generates a "Global MSA" (RigUp's trademarked term for a Master Services Agreement), which, on information and belief, would permit a worker to be employed by any of RigUp's affiliated energy industry partners as a so-called "independent contractor." On information and belief, RigUp generates revenue by successfully matching workers with its affiliated energy industry partners, benefiting from the labor of those workers. On information and belief, RigUp also generates revenue by providing certain human resources services to its affiliated energy industry partners. For example, RigUp handles all applications and new hire paperwork. RigUp also remains engaged with the working relationship in the manner of a staffing company by providing workers with timesheets and other means by which to record their work for entitlement to pay, subject to approval by the affiliated energy industry partner, and maintaining relevant personnel records. On information and belief, RUSCO marks up the day rate/hourly rate

of the worker charged to an affiliated energy industry partner, retaining the difference between the marked-up rate and the day rate/hourly rate at which the worker agrees to work.

55.     Defendant RUSCO is the entity listed on Plaintiff and similarly situated mud engineers' paystubs/"payment receipts". On information and belief, RigUp is the sole managing member of RUSCO. RUSCO. On information and belief, RUSCO obtains the benefit of the work all workers matched with employment by RigUp. On information and belief, RUSCO generates revenue by providing payroll services to RigUp's affiliated energy industry partners with respect to all such workers.

56.     Plaintiff was a mud engineer jointly employed by Defendants in connection with Nova's oilfield services enterprise. As a mud engineer, Plaintiff monitored the performance of various types of drilling fluids during their use as lubricants on the drilling rigs of Nova's customers. The work Plaintiff performed was neither not office work, nor non-manual in nature, but did require substantial manual labor to be performed. Defendants jointly employed mud engineers in New Mexico and Texas.

57.     While jointly employed by Defendants, Plaintiff was at all times issued an IRS Tax Form 1099 for his work, and Defendants failed to pay Plaintiff overtime premium pay when he worked more than forty hours in a given workweek, which was common. Plaintiff and other mud engineers typically worked a fourteen-day hitch (*i.e.*, worked fourteen days straight, and then was relieved of work for fourteen days), and worked approximately twelve-hour long tours ("shifts") alongside the roughnecks of the drilling contractor who was Nova's customer. However, Plaintiff's tours could, and often did, last closer to eighteen hours. For all of those hours of work, which typically encompassed at minimum eighty-four hours per week, Plaintiff was at all times denied overtime pay. When Defendants paid Plaintiff on a day rate basis, he would only receive the day

rate for each day of work without consideration of whether his weekly hours of work exceeded forty hours. When Defendants paid plaintiff on an hourly basis, Defendants only paid Plaintiff his straight time hourly rate irrespective of whether his weekly hours of work exceeded forty hours.

58.     During the time period relevant to Plaintiff's FLSA and NMMWA class/collective action claims, Defendants jointly employed many other mud engineers who were paid either straight-time hourly wages for all hours worked or on a day rate basis without overtime premium pay for the many hours of overtime that they typically worked in a given seven-day workweek, similar to Plaintiff, while misclassified as independent contractors. However, Plaintiff and the putative Class and Collective Action Members were, as a matter of economic reality, at all times economically dependent on Defendants.

59.     Defendants controlled the terms and condition of Plaintiff and the putative Class and Collective Action Members' employment. For instance, Nova, through its employee field supervisors, set the mud engineers' schedules, assigned them to various work locations, and expected them to work schedules including overtime hours of work on a weekly basis for a period of indefinite duration. Nova's field supervisors reviewed the mud engineers' work and verified their timesheets showing their hours and/or days of work, which were submitted through RigUp, and ultimately paid through RUSCO. Nova trained its mud engineers on how to perform the required services, and provided instruction on the manner by which mud engineers were to complete their jobs.

60.     Defendants controlled Plaintiff and the putative Class and Collective Action Members' opportunity for profit or loss. Mud engineers were not permitted to hire their own employees to assist them with their work or complete their work for Defendants. Mud engineers did not go through a bidding process; their day rates and/or hourly rates were offered on a take-it-

or-leave it basis as is characteristic of an employer/employee relationship. Mud engineers could not choose to use different products or techniques that could enhance their "bottom line," because Nova provided all products and incurred all costs relative to their work, as an employer would do. Similarly, Plaintiff had no opportunity for loss. Instead, there was only the opportunity for earned income based upon hours/days worked for Defendants.

61.     Plaintiff and the putative Class and Collective Action Members did not make a substantial investment in Defendants' business. Instead, Defendants provided mud engineers with all of the supplies and materials that were necessary to perform work and obtain payment. For instance, Nova provided mud engineers like Plaintiff with the drilling fluid products to be sold and used at jobsites, a filter press, rheometer, electrical stability (ES) meter, and other items needed to perform their full-time work. Much of the equipment provided to the mud engineers bore Nova's logo, including the mud kit which contained small tools necessary for the predominantly manual labor component of the mud engineers' work. Furthermore, each Defendant's investment in its business exceeded the investment, if any, of any mud engineer in connection with work for Defendants.

62.     Plaintiff and the putative Class and Collective Action Members worked exclusively for Defendants for a period of indefinite duration. During his period of employment, Plaintiff did not work for any other companies, and indeed the prolonged amounts of time that he spent working for Defendants precluded other meaningful employment. The Parties did not intend for mud engineers to work for a short period, but did intend for mud engineers to be supplied with a constant amount of work over a long period of time.

63.     Plaintiff and the putative Class and Collective Action Members did not possess the business skill and acumen characteristic of independent contractors. They spent no money

marketing their skills, nor did they invest time in proposing, specifying, or negotiating successive jobs with various employers on a contract-to-contract basis. To the extent that Plaintiff and the putative Class and Collective Action Members were skilled workers, Defendants did not permit them to make independent judgments on the jobsite, and consequently they did not use any relevant skills as an independent contractor would have done.

64.     The work completed by Plaintiff and the putative Class and Collective Action Members was integral to Defendants' businesses and to the drilling process, and without such work, Defendants would have no revenue or significantly less revenue.

65.     In sum, Plaintiff and the putative Class and Collective Action members did not exercise sufficient, if any, control over a meaningful part of Defendants' business so as to be considered an economic entity separate and apart from Defendants. Plaintiffs were simply part of Defendants' workforce, performing job duties and work that were integral to Defendants' business operations.

## V.     FLSA CLAIMS FOR OVERTIME PAY

66.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

67.     All conditions precedent to this suit, if any, have been fulfilled.

68.     At all relevant times, Defendants are/were eligible and covered employers under the FLSA. *See* 29 U.S.C. § 203(d). Additionally, the FLSA recognizes the doctrine of joint employers. *See generally* 29 C.F.R. § 791.2. Defendants were Plaintiff's joint employers.

69.     At all times relevant to this lawsuit, Defendants have been and are (an) enterprise(s) engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A), § 203(r); *Brennan v. Arnheim & Nelly, Inc.*, 410 U.S. 512, 521 (1973) (recognizing the ability to aggregate related

activities performed by any person or persons for a common business purpose, including activities

performed in one or more establishments relative to enterprise coverage).

70.     At all material times, Plaintiff was Defendants' employee pursuant to the FLSA. 29

U.S.C. § 203(e). Although Defendants labeled/treated Plaintiff as a so-called independent

contractor, the economic reality is that Plaintiff was an employee. *See Baker v. Flint Eng'g &*

*Constr. Co.*, 137 F.3d 1436, 1440 (10th Cir. 1998).

71.     Plaintiff was not exempt from overtime under the FLSA.

72.     Plaintiff was at times paid on a day rate basis and at times paid on an hourly rate

basis by Defendants, but was never paid on a salary or fee basis as those terms are defined by the

FLSA. *See Hewitt v. Helix Energy Sols. Grp., Inc.*, 956 F.3d 341, 342 (5th Cir. 2020) ("[. . .] [A]n

employee who is paid a daily rate is not paid on a 'salary basis' under 29 C.F.R. § 541.602(a).")).

73.     At times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-

day workweek for Defendants. Defendants were required to pay Plaintiff time and one-half his

respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek.

29 U.S.C. § 207(a)(1).

74.     Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for

all hours worked over 40 in each and every seven-day workweek during the time period relevant

to this lawsuit in violation of the FLSA.

75.     Defendants failed to maintain and preserve payroll records which accurately show

the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping

requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

76.     Defendants' violation of the FLSA, as described above, was willful within the

meaning of 29 U.S.C. § 255(a). At all material times, Defendants were aware that Plaintiff was not

paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty in a seven-day workweek.

77.     Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim, and the claims of the putative Collective Action Members, as the result of Defendants' willful conduct. *See* 29 U.S.C. § 255(a).

78.     Plaintiff seeks all damages available for Defendants Nova, RUSCO, and/or RigUp's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     COLLECTIVE ACTION CLAIMS (FLSA)

79.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

80.     Defendants are joint employers of the putative Collective Action Members.

81.     Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **all current and/or former misclassified independent contractors who: (a) work/worked for Defendants in connection with their oilfield services operations, but are/were issued IRS Tax Form 1099s; (b) are/were paid on an hourly and/or day rate basis; (c) had/have job duties/titles of a mud engineer; (d) work/worked more than 40 hours in any workweek; and (e) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek by Defendants.**

82.     Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a day rate and/or hourly rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

83.     The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

84.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendants' failure to pay overtime wages results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

85.     The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

86.     Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

87.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

88.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.     NMMWA CLAIMS FOR OVERTIME PAY

89.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

90.     At all times relevant to this lawsuit, Defendants have been employers within the meaning of N.M. Stat. Ann. § 50-4-21(B).

91.     At all times relevant to this lawsuit, Plaintiff was an employee of Defendants within the meaning of N.M. Stat. Ann. § 50-4-21(C). Although Defendants labeled/treated Plaintiff as a

so-called independent contractor, the economic reality is that Plaintiff was Defendants' employee. Additionally, Defendants were joint employers of Plaintiff.

92.     The NMMWA requires payment of at least the applicable minimum wage ($9.00 effective January 1, 2020 (*see* N.M. Stat. Ann. § 50-4-22(A)(2))) and payment of one and one-half times the employee's regular rate of pay for each hour worked over forty (40) hours per workweek (*see* N.M. Stat. Ann. § 50-4-22(D)).

93.     As the result of the foregoing conduct, as alleged, Defendants failed to pay all wages due under the NMMWA by failing to pay all due and owing overtime and/or minimum wages to Plaintiff. This conduct violated the NMMWA.

94.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer from a loss of income and other damages.

95.     Pursuant to N.M. Stat. Ann. § 50-4-32, Plaintiff is entitled to recover for all violations that occurred as part of Defendants' continued course of conduct regardless of the date on which they occurred.

96.     Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. Stat. Ann. § 50-4-26(C)-(E), which authorizes a private cause of action for Plaintiff and the Class Members. Under that statute, Plaintiff and the Class Members are entitled to their unpaid wages, plus an amount equal to twice their unpaid wages, prejudgment interest, all costs in bringing this action, and all attorneys' fees accrued that are recoverable under New Mexico Law.

## VIII.    CLASS ACTION ALLEGATIONS (NMMWA)

97.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

98.   Plaintiff brings his NMMWA claims as a class action under Rule 23 of the Federal Rules of Civil Procedure.

99.   Plaintiff proposes an initial definition of the New Mexico Class Members as:

**all current and/or former misclassified independent contractors similarly situated to Plaintiff who: (a) work/worked for Defendants in connection with their oilfield services operations in New Mexico, but are/were issued IRS Tax Form 1099s; (b) are/were paid on an hourly and/or day rate basis; (c) had/have job duties/titles of a mud engineer; (d) work/worked more than 40 hours in any workweek; and (e) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such workweek by Defendants**.

100.   Plaintiff reserves the right to refine this definition or establish sub-classes in the event that discovery reveals that a more appropriate class definition exists.

101.   Numerosity (Fed. R. Civ. P. 23(a)(1)) – The New Mexico Class is so numerous that joinder is impracticable. On information and belief, the number of New Mexico Class Members exceeds forty (40).

102.   Commonality (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the New Mexico Class, including but not limited to, the following:

    a.   Whether Defendants maintained a policy or practice of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a day rate irrespective of their hours of work, and;

    b.   The proper measure of damages sustained by the putative New Mexico Class.

103.   Typicality (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative New Mexico Class. Plaintiff, like other New Mexico Class Members, was subject to Defendants' policies or practices of failing to pay all due and owing overtime wages by paying Plaintiff and the putative New Mexico Class Members a day rate and/or straight time hourly wages

without overtime premium pay irrespective of their hours of work. Plaintiff's job duties and claims are typical of those of the putative New Mexico Class.

104. <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative New Mexico Class.

105. <u>Adequacy of Representation</u> (Fed R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of employees seeking back overtime and minimum wages, and other wage and hour concerns. Plaintiff's counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative New Mexico Class Members.

106. <u>Predominance and superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the New Mexico State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative New Mexico Class predominated over any questions affecting only individual members of the putative New Mexico Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies or practices unlawfully failed to compensate members of the putative New Mexico Class. The damages suffered by individual New Mexico Class Members are small compared to the expense and burden of individual prosecution of this action. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendants' policies or practices.

107. <u>Ascertainability</u> – The identity of the members of the New Mexico Class is readily ascertainable based on Defendants' records.

108.    <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) – Plaintiff intends to send notice of this lawsuit to all New Mexico Class Members to the extent provided by Rule 23.

## IX.    <u>JURY DEMAND</u>

109.    Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members/Class Members on all issues.

## X.    <u>DAMAGES AND PRAYER</u>

110.    Plaintiff asks that the Court issue summonses for Defendants to appear and answer, and that Plaintiff and the putative Collective/Class Action Members be awarded a judgment against Defendants Nova, RUSCO, and/or RigUp for the following or order(s) from the Court for the following:

    a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

    b.    An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

    c.    All damages allowed by the FLSA and NMMWA, including back wages;

    d.    Liquidated damages in an amount equal to FLSA-mandated back wages and/or NMMWA-mandated back wages;

    e.    Legal fees, costs and expenses, as permitted under the FLSA and/or NMMWA;

    f.    Pre- and Post-judgment interest, as permitted under the FLSA and/or NMMWA;

    g.    All other relief to which Plaintiff and the putative Collective Action Members/Class Members may be justly entitled.

Dated: November 9, 2020

                              Respectfully submitted,

                              By:    s/ Melinda Arbuckle
                                        Melinda Arbuckle
                                        TX State Bar No. 24080773

marbuckle@eeoc.net
Ricardo J. Prieto
TX State Bar No. 24062947
rprieto@eeoc.net
Taneska Jones (*seeking admission to practice*)
TX State Bar No. 24106151
tjones@eeoc.net
Shellist Lazarz Slobin LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
COLLECTIVE ACTION MEMBERS