IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES OLDHAM,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.                                                                        Civ. No. 2:20-cv-01166 MIS/GBW

NOVA MUD, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Strike or Sever Defendant's Third-Party Complaint. ECF No. 20. Defendant Nova Mud, Inc. ("Nova Mud") filed a response, and Plaintiff filed a reply. ECF Nos. 22, 24. The motion is denied for the reasons that follow.

## BACKGROUND

Plaintiff filed this action on November 9, 2020, on behalf of himself and all others similarly situated, asserting claims against Defendants Nova Mud, RUSCO Operating, LLC ("RUSCO"), and RigUp, Inc. ("RigUp") under the Fair Labor Standards Act ("FLSA") and the New Mexico Minimum Wage Act ("NMMWA"). ECF No. 1. Plaintiff alleged he was jointly employed by Nova Mud, an oilfield services company; RigUp, a staffing company that matches workers with its affiliate industry partners; and RUSCO, which provided payroll services to RigUp.[1] *Id*. at ¶¶ 53–56. Plaintiff claimed that all Defendants failed to pay him overtime in violation of the FLSA and the NMMWA. *Id*. at ¶¶ 66–108. On

---

[1] Plaintiff alleged that RigUp is RUSCO's sole managing member. ECF No. 1 at ¶ 55.

1

January 8, 2021, Plaintiff voluntarily dismissed his claims against RUSCO and RigUp, leaving Nova Mud as the only Defendant. ECF No. 7. However, he did not otherwise amend the Complaint.

Nova Mud filed an Answer and Original Third-Party Complaint on September 21, 2021, asserting claims for declaratory judgment and breach of contract against RUSCO. ECF No. 19. Nova Mud seeks a declaratory judgment that pursuant to the Master Service Agreement ("MSA") executed on November 3, 2017, RUSCO is required to indemnify it against Plaintiff's claims. *Id*. at 18–20; *see* ECF No. 9-3 at 4. Nova Mud asserts an independent breach of contract claim based on RUSCO's failure to provide "independent contractors" to work on its projects.[2] ECF No. 19 at 19. Plaintiff now moves to strike or sever Nova Mud's Third-Party Complaint.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 14(a) enables any defendant to serve a summons and complaint "on a nonparty who is or may be liable to it for all or part of the claim against it."[3] Fed. R. Civ. P. 14(a)(1). Its purpose "is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir. 2008); *see also*

---

[2] Nova Mud does not specifically allege which contractual provision was breached. However, the MSA provides that "RUSCO agrees to use commercially reasonable efforts to cause to be performed or provided by Subcontractors the Services as set forth in the applicable Work Order" and that "any Services performed or provided by Subcontractor in the performance of work in connection with a Work Order are performed or provided by Subcontractor as an independent contractor." ECF No. 9-3 at 2, 6.

[3] If the third-party complaint is filed more than fourteen days after the defendant's original answer, the defendant must first obtain leave of the court. Fed. R. Civ. P. 14(a)(1). Because Nova Mud filed the third-party claims against RUSCO at the same time as its original answer, it did not seek the Court's leave.

*Patten v. Knutzen*, 646 F. Supp. 427, 429 (D. Colo. 1986) ("The general purpose of Rule 14 is to settle related matters in one litigation as far as possible and obtain consistent results from identical or similar evidence[.]"). To that end, "Rule 14(a) should be liberally construed to accomplish its purpose[,] but it is not a catchall for independent litigation." *United States Fid. & Guar. Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968). Consistent with the text and purpose of the Rule, third-party pleading is appropriate "only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim." *Am. Zurich Ins. Co.*, 512 F.3d at 805. The court "has ancillary jurisdiction of a defendant's proper [R]ule 14(a) claim against a third-party defendant . . . so long as the court has jurisdiction of the main claim between the original parties." *King Fisher Marine Serv. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990).

Where a defending party seeks the court's permission to file a third-party complaint, "the determination is left to the informed discretion of the district court, which should allow impleader on any colorable claim of derivative liability that will not unduly delay or otherwise prejudice the ongoing proceedings." *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 393 (1st Cir. 1999). Even when the third-party complaint is filed within fourteen days of the original answer, "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). The court has discretion to strike the third-party claim "if it is obviously unmeritorious and can only delay or prejudice the disposition of the plaintiff's claim," or "to sever the third-party claim or accord it separate trial if confusion or prejudice would otherwise result." *Thompson v. United Artists Theatre Circuit, Inc.*, 43 F.R.D. 197, 201 (S.D.N.Y. 1967) (quoting Fed. R. Civ. P. 14

3

Advisory Committee Note to 1963 Amendment); *see also Nev. Eighty-Eight v. Title Ins. Co.*, 753 F. Supp. 1516, 1529–30 (D. Nev. 1990).

## DISCUSSION

Plaintiff argues that Nova Mud's third-party claims against RUSCO should be stricken because "employers . . . do not have a right to indemnification from third-parties for FLSA claims." ECF No. 20 at 13. It is well-established that the FLSA preempts state law claims for indemnification by an employer against an employee. *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *LeCompte v. Chryser Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986). It is likewise settled that the FLSA creates no general cause of action for indemnification. *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 144 (2d Cir. 1999). To date, however, no Court of Appeals has addressed an employer's right to contract with a third party for indemnification against FLSA claims.

A number of federal district courts, including at least one within this circuit, have ruled categorically that indemnification is unavailable regardless of any express contractual provision to the contrary. *See*, *e.g.*, *Robertson v. REP Processing, LLC*, 2020 U.S. Dist. LEXIS 175456, at *19 (D. Colo. Sept. 24, 2020); *Goodman v. Port Auth. of N.Y. & N.J.*, 850 F. Supp. 2d 363, 389 (S.D.N.Y. 2012); *McDougal v. G & S Tobacco Dealers, L.L.C.*, 712 F. Supp. 2d 488, 497 (N.D.W. Va. 2010). The basis for these decisions is that, in keeping with the FLSA's purpose and comprehensive statutory scheme, employers should not be allowed to circumvent liability under the FLSA. Conversely, a number of courts have allowed contractual indemnification against FLSA claims, either unconditionally or in in specific circumstances. *See*, *e.g.*, *Rogers v. Tug Hill Operating,*

4

*LLC*, __ F.Supp.3d __, 2022 U.S. Dist. LEXIS 67707, at *25–26 (N.D.W. Va. Apr. 12, 2022) (finding no bar to contractual indemnification); *Itzep v. Target Corp.*, 2010 U.S. Dist. LEXIS 55185, at *74 (W.D. Tex. June 4, 2010) ("[T]he FLSA does not preempt a contractual agreement between joint employers concerning the allocation of risk and obligation under the FLSA."); *Lowe's Cos. v. Varnell, Struck & Assocs.*, 2008 U.S. Dist. LEXIS 108144, at *26–27 (W.D.N.C. Mar. 27, 2008) ("To enter into an agreement to have VSA defend and indemnify Lowe's is no more offensive to public policy than to allow Lowe's to obtain insurance coverage for such risk.").

In this case, Plaintiff also elected to proceed under the NMMWA. Plaintiff made no argument in his original motion that the NMMWA preempts contractual indemnification claims. It is first addressed, belatedly, in his reply brief. *See Beaird v. Seagate Tech.*, 145 F.3d 1159, 1165 (10th Cir. 1998) (court need not consider new materials or arguments in the reply brief). Moreover, although Plaintiff contends that the NMMWA preempts contractual indemnification claims because "courts in this state typically harmonize the NMMWA with the FLSA," ECF No. 24 at 4, it is difficult to imagine how the FLSA preemption rationale would apply to a New Mexico statute. The relevant circuit court opinions are grounded in the Supremacy Clause, which requires conflicting state law to yield to federal law and is plainly inapplicable to the NMMWA. *See Martin*, 977 F.2d at 1407 ("To engraft an indemnity action upon this otherwise comprehensive federal statute would run afoul of the Supremacy Clause of the Constitution." (quoting *LeCompte*, 780 F.2d at 1264)). Therefore, absent more definite New Mexico authority prohibiting contractual indemnification under the NMMWA, the Court finds no basis for striking Nova Mud's third-party claims as they relate to Plaintiff's NMMWA claim.

The Court further finds that any decision with respect to the availability of contractual indemnification under the FLSA is premature. Having asserted a viable third-party claim for indemnity as to Plaintiff's NMMWA claim, Nova Mud "may join with its proper third-party indemnity claim other claims it may have against the third-party defendant." *King Fisher Marine*, 893 F.2d at 1157. Nova Mud expressly denies that it was Plaintiff's employer and denies that any FLSA violation occurred. ECF No. 19 at 15–17. Therefore, even assuming that contractual indemnification is preempted by the FLSA, Nova Mud's claims are not clearly subject to dismissal at this stage.[4] Without delving into the intricacies of the MSA, it is facially plausible that RUSCO may be required to indemnify Nova Mud even if Nova Mud is not found liable to Plaintiff under the FLSA. The Court might find, for instance, that Nova Mud was not Plaintiff's employer, but that RUSCO is contractually obligated to indemnify Nova Mud for its expenses in defending this suit.[5] Alternately, the Court might find that Nova Mud was Plaintiff's employer—meaning RUSCO breached its contractual duty to provide "independent contractors"—but that no

---

[4] If Nova Mud had not asserted a viable third-party claim with respect to RUSCO's liability under the NMMWA, the Court might be required at this juncture to determine whether the FLSA preempts contractual indemnification. Proper impleader of a third party under Rule 14(a) is accomplished only where that third party "is or may be liable to [the defendant] for all or part of the claim." Fed. R. Civ. P. 14(a)(1). Arguably, this Rule encompasses Nova Mud's third-party claims only if RUSCO would have to indemnify Nova Mud in the event Nova Mud is found liable to Plaintiff, i.e., liable under the FLSA. This would necessarily entail a finding that contractual indemnification for FLSA claims is not preempted. Because, however, RUSCO has been properly joined as a party in relation to Plaintiff's NMMWA claim, Nova Mud may assert additional claims that do not depend on a finding of liability to Plaintiff. *King Fisher Marine*, 893 F.2d at 1161.

[5] The MSA provides, inter alia, that RUSCO will indemnify Nova Mud from "any and all Losses related to, resulting from, or in connection with any and all persons or entities . . . to the extent caused by the operations or Work set forth in this Agreement or any Work Order." ECF No. 9-3 at 4. "Losses" are defined to include "every demand, claim, suit, cause of action of any kind, judgment, loss, liability, [and] expenses (including, without limitation, *reasonable attorneys' fees and costs of litigation*) . . . ." *Id*. at 2 (emphasis added). The MSA is not a model of clarity and the merit of Nova Mud's contract claims is not presently before the Court. However, it is at least facially plausible that RUSCO will be required to indemnify Nova Mud against this suit.

6

FLSA violation occurred. Or the parties might settle Plaintiff's claims without any judicial determination of Nova Mud's FLSA liability, a scenario in which courts have repeatedly allowed contractual indemnification.[6] *See*, *e.g.*, *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1112 n.7 (E.D. Cal. 2017) (distinguishing contrary case on the basis that "there was no court determination whether the FLSA actually applied due to the settlement—thus, there was no FLSA application upon which to bar indemnity"); *Daniels v. Bd. of Trs. of the Herington Mun. Hosp.*, 841 F. Supp. 363, 368–69 (D. Kan. 1993) (rejecting argument against contractual indemnification following settlement because there was no finding of a FLSA violation and the defendant admitted no FLSA liability). The Court therefore defers any decision on whether the FLSA preempts contractual indemnification and joins the "majority trend" in cases where the FLSA defendant's status as the plaintiff's employer is disputed. *Xue v. Koenig*, 2021 U.S. Dist. LEXIS 53499, at *16–18 (S.D.N.Y. Mar. 22, 2021) (collecting cases); *see*, *e.g.*, *Brown v. Club Assist Rd. Serv. U.S., Inc.*, 2015 U.S. Dist. LEXIS 193935, at *5 (N.D. Ill. Mar. 13, 2015) ("Given that Defendant alleges that it is *not* Plaintiffs' employer, the Court will not strike the third-party complaint on the basis of Plaintiffs' (disputed) contention that Defendant qualifies as such.").

Finally, the Court is unpersuaded by Plaintiff's contention that the third-party claims should be stricken or severed because their litigation will complicate and delay the

---

[6] The Court takes particular note of *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod.*, 7 F.4th 301, 315 (5th Cir. 2021), in which the Fifth Circuit held a contractor would be required to indemnify the defendant against the plaintiff's FLSA claims, pursuant to their Master Services Agreement and following a settlement, if the fact-finder determined that the contractor had breached its FLSA compliance duty. The preemption argument does not appear to have been raised, and *Sanchez* is not therefore a conclusive ruling in favor of contractual indemnification. But the Fifth Circuit's holding that indemnification was proper if the plaintiff's suit "resulted from [the contractor's] breach of its duty to pay [the plaintiff] in accord with the FLSA," *id*. at 315, merits careful attention.

resolution of Plaintiff's claims, thereby prejudicing him. As Nova Mud points out, the principal issues relevant to Nova Mud's third-party claims—whether Plaintiff was properly classified as an employee and, if so, of which company—are likewise the principal issues relevant to Plaintiff's claims. Litigating the claims against Nova Mud will involve extensive discovery surrounding this question; joining Nova Mud's contractual claims against RUSCO will not materially delay or complicate the action. Accordingly, considerations of judicial economy strongly favor resolution of these issues in the same action and the motion to strike or sever is denied.[7]

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike or Sever Defendant's Third-Party Complaint (ECF No. 20) is **DENIED**. Plaintiff's Opposed Motion to Stay Briefing on Proposed Third-Party Defendant's Motion to Compel Arbitration Pending Ruling on Plaintiff's Motion to Strike or Sever Defendant's Third-Party Complaint (ECF No. 29) is accordingly **FOUND AS MOOT**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[7] This ruling does not foreclose the possibility that a separate trial of Nova Mud's third-party claims, in accordance with Fed. R. Civ. P. 42(b), may be appropriate under the circumstances. *See, e.g., Beights v. W. R. Grace & Co.*, 62 F.R.D. 546, 549 (W.D. Okla. 1974) (bifurcating trial of third-party claims).