IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES OLDHAM,
individually and on behalf of
all others similarly situated,

    Plaintiff,

v.                                       No. 2:20-cv-01166-MIS-GBW

NOVA MUD, INC.,

    Defendant.

## ORDER QUASHING ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on its Order to Show Cause, in which the Court ordered Defendant RUSCO to show cause by August 10, 2023 as to why it should not be ordered to pay attorney's fees. ECF No. 80 at 14. Defendant RUSCO responded on August 10, 2023. ECF No. 82. Having considered Defendant RUSCO's submission, the record, and the relevant law, the Court will **QUASH** its Order to Show Cause.

## BACKGROUND

Defendants have filed three separate motions to compel arbitration in this case. *See* ECF Nos. 8, 27, 54. Defendant Nova Mud filed its first motion to compel arbitration in combination with its responsive pleading, ECF No. 8, which the Court denied, ECF No. 18. Next, Defendant RUSCO filed its own motion to compel arbitration as a third-party defendant. ECF No. 27.

Both of these motions were based on the 2016 version of Defendant RUSCO's Terms of Service. *See* ECF No. 9-1. However, in Defendant RUSCO's reply to this second motion, it informed the Court that in fact the controlling Terms of Service were a version from 2019 which explicitly included customers—such as Nova Mud—in its arbitration clause. ECF No. 45 at 3.

Defendant Nova Muda apparently first learned of the 2019 Terms of Service upon reading the reply. *See* ECF No. 65. The Court declined to consider RUSCO's 2019 Terms of Service, as the argument was not raised in the motion itself. ECF No. 47 at 15.

Defendant Nova Mud then filed its second motion to compel arbitration—the third overall. ECF No. 65. Defendant Nova Mud explained that it had reasonably relied on the sworn testimony of RUSCO's representative regarding which agreement was operative, and asked that the Court not consider its motion as one for reconsideration, as it presented new facts. *Id.* at 2, 5.

The Court found that Nova Mud's motion *was* a motion for reconsideration, but granted it given the unique circumstances at play, and ordered the parties to arbitrate the case. ECF No. 80. Additionally, the Court ordered Defendant RUSCO to show cause as to why it should not pay attorney's fees for the cost of briefing two unnecessary motions to compel arbitration, given that it had apparently both failed to produce the correct agreement in support of its own motion *and* affirmatively misrepresented to Defendant Nova Mud which agreement was operative. *Id.* at 10. The Court will now consider Defendant RUSCO's response to its Order.

## DISCUSSION

Defendant RUSCO, in its response, argues that its failure to initially produce the 2019 Terms of Services was simply a mistake, not any strategic action. ECF No. 82 at 2. Defendant RUSCO further contends that while the Court may impose monetary penalties, it would be improper for the Court to order it to pay attorney's fees here, where no party has filed a motion under Rule 11 for attorney fees. *Id.* at 6. Defendant RUSCO maintains that to the extent that its counsel's failure to timely produce the correct document inconvenienced both the other parties and the Court, it has since found other counsel. *Id.* at 10–11. Defendant RUSCO has attached to its

2

response a declaration by Workrise's Deputy General Counsel, Kimberly R. McCoy, along with copies of relevant email correspondence. ECF Nos. 82-1, 82-2, 82-3.

The Court observes that Plaintiff has indeed declined to file a motion for attorney fees under Rule 11. Further, the Court finds that Defendant RUSCO's protestations of mistake—as opposed to bad faith—are actually quite plausible, given the circumstances of the case. *See, e.g.,* ECF No. 82 at 9 ("RUSCO would very much have preferred Nova's First Motion, and/or RUSCO's Motion, to have succeeded . . . RUSCO incurred additional cost and exposure as a result[.]"). Additionally, the record reflects that Defendant RUSCO has indeed changed counsel, which the Court agrees is a consequence of sorts. ECF No. 56.

Given the above, the Court finds that Defendant RUSCO has shown cause as to why it should not pay attorney's fees. The Court will decline to impose other sanctions at this time.

## CONCLUSION

For the foregoing reasons, the Court's Order to Show Cause, ECF No. 80, is hereby **QUASHED**.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3